IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| EUGENIO G. GALINDO, M.D.<br><br>Plaintiff,<br><br>v.<br><br>THE TEXAS MEDICAL BOARD, SCOTT M. FRESHOUR, SHARON J. BARNES AND MANUEL "MANNY" QUINONES, JR., M.D.<br><br>Defendants | CIVIL ACTION NO. 7:19-CV-102<br><br>JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff EUGENIO G. GALINDO, M.D., hereinafter at times referred to as "Plaintiff", complaining of Defendants TEXAS MEDICAL BOARD, SCOTT M. FRESHOUR, SHARON J. BARNES and MANUEL "MANNY" QUINONES, JR., M.D., hereinafter at times referred to collectively as "Defendants", in their individual and/or official capacities, and allege as follows:

**I.
JURISDICTION AND VENUE**

1.      This Court has jurisdiction of the claims asserted herein pursuant to 28 U.S.C. §1331, 28 U.S.C. §2201 and pursuant to 42 U.S.C. §1983. Venue of this civil action is proper in the Southern District of Texas pursuant to 28 U.S.C. §1391(b).

## II.
## PARTIES

*Plaintiff*

2. Plaintiff EUGENIO G. GALINDO, M.D., hereinafter at times referred to as "Plaintiff" or "DR. GALINDO", is a natural person who is a resident of, and works within, the Southern District of Texas.

*Defendants*

3. Defendant Texas Medical Board, hereinafter at times referred to as "the Texas Medical Board," "the Board" or the "TMB," is an agency of the executive branch of State of Texas with the power to regulate the practice of medicine. Tex. Occ. Code § 152.001. The Texas Medical Board may be served with summons by service upon its executive director, Stephen Brint Carlton, J.D., at the Texas Medical Board, 333 Guadalupe Tower 3, Suite 610, Austin, Texas, 78701.

4. Defendant SHARON J. BARNES, hereinafter at times referred to as "Defendant BARNES," is a natural person who resides within the Southern District of Texas, and was, during all relevant periods of time, a public member of the Texas Medical Board. Ms. BARNES was the Chair during the hearing at issue. Defendant BARNES is being sued in her official and/or her individual capacities, and may be served with summons at her residence, 2511 Platinum Chase Dr., Rosharon, Brazoria County, Texas.

5. Defendant MANUEL "MANNY" QUINONES, JR., M.D., hereinafter at times referred to as "Defendant QUINONES," is a natural person who resides within the Western District of Texas and was, during all relevant periods of time, a physician member of the Texas Medical Board. Defendant QUINONES is being sued in his official and/or

his individual capacities, and may be served with summons at the Texas Medical Board, 333 Guadalupe Tower 3, Suite 610, Austin, Texas, 78701.

6. Defendant SCOTT M. FRESHOUR, hereinafter at times referred to as "Defendant FRESHOUR," is a natural person who is a resident of the Western District of Texas and was, during all relevant periods of time, the General Counsel of the Texas Medical Board. Defendant FRESHOUR is being sued in his official and/or his individual capacities, and may be served with summons at the Texas Medical Board, 333 Guadalupe Tower 3, Suite 610, Austin, Texas, 78701.

## III.
## FACTUAL BACKGROUND

7. Plaintiff is, and was at all relevant time periods, a physician in good standing with the Texas Medical Board. Plaintiff has a liberty interest in his reputation, his good name and his chosen profession. Such liberty interest is protected and guaranteed to Plaintiff by the 5th and 14th Amendments to the United States Constitution. Plaintiff also has a property interest in his medical license, and such property right cannot be adversely affected without due process, as guaranteed to Plaintiff by the 5th and 14th Amendments to the United States Constitution.

8. Dr. Galindo is board-certified as a Medical Oncologist by the American Board of Internal Medicine. He has held this certification since 1995. Dr. Galindo is one of only 5 board-certified medical oncologists in the McAllen area. As a result, Dr. Galindo has approximately 3000 patients for whose care he is responsible. Furthermore, a large proportion of these patients are extremely ill and need regular (sometimes daily or weekly) treatments and follow up for survival.

9.      **On or about December 10th and 11th, 2018,** Defendant TMB received two (2) complaints concerning Plaintiff, from two former female patients of Plaintiff, alleging improper behavior in "late 2014" and on October 5, 2016.

10.     **On or about December 19, 2018,** Defendant TMB received the arrest records of Plaintiff.

11.     **On or about March 8, 2019,** a Friday, Plaintiff received a notice from Defendant TMB that he was being scheduled for a Temporary Suspension Hearing on March 19, 2019.

12.     **On or about March 11, 2019,** Monday morning, Plaintiff's counsel, Ronald G. Hole, submitted a request for a continuance of the March 19, 2019 hearing, to Defendant FRESHOUR's office, as Mr. Hole was scheduled to be out of state from March 13, 2019 through March 25, 2019.

13.     **On or about March 12, 2019,** the day before Plaintiff's counsel was scheduled to leave for a long-planned trip out of state to see his son before his son deployed to the Middle East, Plaintiff received a letter from Defendant FRESHOUR, stating that Plaintiff's request for a continuance of the March 19th hearing was "DENIED."

14.     Defendant FRESHOUR was well aware of the fact that the Texas Medical Board had the advantage of three months to prepare for the hearing and knew, or should have known, because of the staleness of the complaints and the lack of any immediate danger to the public, that there was no legitimate reason to deny Plaintiff a reasonable and meaningful time to prepare for this hearing.  Additionally, Defendant FRESHOUR knew or should have known that his denial of Plaintiff's continuance would deprive Plaintiff of

due process, which at a minimum requires notice and a meaningful opportunity to be heard.

15. **On or about March 13, 2019,** Plaintiff's counsel wrote to Defendant FRESHOUR specifically requesting that the March 19th hearing be recorded. Also, on the same date, Plaintiff's counsel received confirmation from Defendant FRESHOUR that the medical board had "retained a court reporter for this proceeding," and also received a letter from Defendant's FRESHOUR's legal assistant, Rita Chapin, who advised that a court reporter would be present at the Temporary Suspension hearing of DR. GALINDO on March 19, 2019.

16. **On or about March 19, 2019,** before the Temporary Suspension hearing began, Plaintiff's counsel renewed Plaintiff's request for a continuance of the hearing for the reason that there was not adequate time for Plaintiff to prepare for the hearing and to locate, obtain and coordinate for witnesses to be present. Plaintiff specifically indicated that he was not fully prepared for the hearing and pointed out that the Texas Medical Board had three months to prepare, but only allowed Plaintiff ten (10) days, while Plaintiff's attorney was out of town. Plaintiff requested a very short continuance of thirty (30) days. Plaintiff's renewed continuance request was also denied, this time by Defendant BARNES.

17. Additionally, Plaintiff found out, on the morning of the hearing, that no court reporter would be present at the hearing to record the proceedings.

18. During the hearing, the Board presented the testimony of two witnesses who were, based upon information and belief, not properly and appropriately administered an oath to testify truthfully.

19. During the entire hearing, and during executive sessions, the Texas Medical Board staff had an attorney in the room with the Board members, and such staff attorney directly told Defendant BARNES how to rule on the objections; based upon information and belief, also allowed deliberations by the Board panel before all the evidence was presented; basically ran the hearing by telling Defendant BARNES what to do and what to say; and clearly influenced the decisions and rulings of the Chair and the board members.

20. It was also clear, during the presentation of evidence, that one of the panel members, Defendant QUINONES, was not unbiased and had already formed an opinion as to the merits of the case, prior to the start of Plaintiff's evidence and most likely before the presentation of any evidence, as can be seen by his comments on the record.

21. At the conclusion of the hearing, the three (3) members of the TMB panel voted, after an executive session (during which Plaintiff and his counsel were excluded, but during which an attorney for the TMB was present) to temporarily restrict DR. GALINDO'S medical license, effective on that date.  Such restrictions were, in light of the allegations and even assuming the validity of the allegations, **such allegations being vehemently and unequivocally denied**, inappropriate, unnecessary, illegal, contrary to the authority granted by Rule § 187.57 of the Texas Administrative Code, and such restrictions deprived Plaintiff of due process and endangered the lives of hundreds of Plaintiffs' patients.

22.     **On or about March 21, 2019,** Plaintiff received a copy of an Order of Temporary Restriction (With Notice of Hearing).

## IV.
## FIRST CAUSE OF ACTION
## APPLICATION FOR TEMPORARY RESTRAINING ORDER

23.     Plaintiff incorporates the factual background reflected in paragraph III above. Defendants unequivocally have violated Plaintiff's right to due process, in violation of the 5th and 14th Amendments to the United States Constitution, as well in violation of the due course of law provision of the Texas Constitution.

24.     Defendants have also misapplied the authority given them by the laws of Texas and have made findings of fact which are clearly in violation of the applicable statutes.

25.     After a brief hearing, in violation of Plaintiff's due process rights, Defendants severely restricted Plaintiff's license to practice medicine.

26.     Defendants' actions have immediately endangered and are continuing to endanger the health and welfare of Plaintiff's patients. All of Dr. Galindo's patients are cancer patients who require monitoring of their treatment. Dr. Galindo sees several of the patients in his office to provide them with their cancer-fighting chemotherapy. Some of the patients are terminal and require the continuity of care Dr. Galindo provides to keep the cancer from progressing and killing them. In addition, Dr. Galindo's patients have been aware of the allegations underlying the TMB's temporary restriction order since December 2018, after they were informed by their insurance carriers, and have continued to see him.

27. As there are only 4 other board-certified medical oncologists in the McAllen area, Dr. Galindo's 3000+ patient population are having and will have extreme difficulties finding other providers in the area to take care of them. This would be a critical failure in their care.

28. Dr. Galindo has no practical redress for an impartial hearing in which to vindicate himself. Other state agencies are required to file a temporary suspension order for a trial de novo with the impartial State Office of Administrative Hearings (SOAH) within a specified abbreviated period. *See* Tex. Occ. Code §263.004(c) (dentists must have final SOAH hearing within 60 days after suspension or restriction); Tex. Occ. Code §301.455(c) (nurses must have final SOAH hearing within 61 days after suspension or restriction); Tex. Occ. Code §201.507(d) (chiropractors must have final SOAH hearing within 60 days after suspension or restriction). If the agencies fail to hold the final hearing within the time limits, the summary order is automatically lifted.

29. Unfortunately, the TMB need only have a final SOAH hearing "as soon as practicable," Tex. Occ. Code §164.059(f). The TMB has exploited the vagueness of the statutory language to prolong "temporary" restrictions for months-sometimes years. For instance, Dr. Wiseman (License F4701) was suspended in December 2012, but the case was docketed with SOAH only in August 2013. Dr. Wiseman eventually surrendered his license in September 2015 after his practice was destroyed by the 3 year "temporary" suspension. Dr. Atef-Zafarmand (license number M5617) was "temporarily" suspended in June 2013. The TMB only docketed the case with SOAH in March 2014 (9 months later). His trial was finally held in July 2015 after a 2-year suspension.

30. Given the nature of the patient population's cancer conditions, the TMB's unique multi-year definition of "temporary" will see the patients suffer greatly unless this Court issues a temporary restraining order.

31. Additionally, such improper restrictions will cause an avalanche of repercussions, which will effectively prevent Plaintiff from practicing medicine. Such actions caused immediate harm to Plaintiff's practice, reputation and livelihood.

32. Accordingly, Plaintiff hereby seeks a temporary restraining order to maintain the very recent status quo, to enjoin and restrain Defendants from interfering with Plaintiff's ability to properly care for his patients.

33. Plaintiff requests this Court to immediately, upon a telephonic hearing, restrain and enjoin Defendants from restricting his medical license such that he cannot properly treat and care for the hundreds of patients that are relying on him to provide appropriate medical care.

34. If Defendants are not immediately enjoined and restrained from interfering with Plaintiff's treatment of his patients and restrained and enjoined from restricting DR. EUGENIO G. GALINDO's medical license, Plaintiff and Plaintiff's patients will suffer immediate and irreparable harm from which there is no adequate remedy at law which could give Plaintiff, or his patients, complete relief.

35. More specifically, Plaintiff will be deemed to have abandoned his patients, in violation of the ethical rules of his profession, and his patients' health will be endangered by having their treatment interrupted and disrupted in such a way as will cause them immediate and direct harm.

PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION - PAGE 9 OF 14

36.     Additionally, as a result of Defendants' actions, the domino effect of the restriction will effectively put Plaintiff out of business and put hundreds of patients, who are fragile and in need of immediate, consistent and continuous treatment, at severe risk.  These patients have disabilities; acute conditions; life-threatening illnesses; and/or have conditions that Plaintiff reasonably believes could cause harm to the patients, if such care or treatments are discontinued.

37.     Accordingly, Plaintiff hereby sues for a temporary restraining order as requested hereinabove.

## V.
## SECOND CAUSE OF ACTION
## APPLICATION FOR TEMPORARY INJUNCTION

38.     Plaintiff incorporates the factual background reflected in paragraphs III and IV above.  Plaintiff requests the Court to set his application for temporary injunction for a hearing and, after appropriate notice and an evidentiary hearing, issue a temporary injunction against Defendants, enjoining Defendants from committing the acts described in Plaintiff's application for a temporary restraining order.

## VI.
## THIRD CAUSE OF ACTION
## REQUEST FOR PERMANENT INJUNCTION

39.     Plaintiff incorporates the factual background reflected in paragraphs III and IV above. Plaintiff requests this Court to set his case for a jury trial and that after a trial on the merits, issue a permanent injunction against Defendants as set forth above, making the temporary injunction a permanent injunction against Defendants.

## VII.
## FOURTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983

40. Pursuant to 42 U.S.C. §1983, Plaintiff hereby sues Defendants SCOTT M. FRESHOUR, SHARON J. BARNES and MANUEL "MANNY" QUINONES, JR., M.D. in their individual capacities for compensatory damages. As a result of the conduct of Defendants SCOTT M. FRESHOUR, SHARON J. BARNES and MANUEL "MANNY" QUINONES, JR., M.D., as described above, acting under color of state law, Plaintiff was deprived of rights, privileges or immunities secured by the Constitution or laws of the United States. Such actions by such Defendants, as noted above, violated clearly established statutory or constitutional rights of which a reasonable person would have known.

41. As a result of such Defendants' conduct and actions, Plaintiff suffered damages. Such damages include, but are not limited to, the loss of income to Plaintiff; the attorneys' fees and expenses that were incurred by Plaintiff to protect his constitutional rights; income Plaintiff lost as a result of the publication of the Defendants' restriction of his license; and damages to his reputation and standing in the community. Plaintiff hereby sues for such compensatory damages.

## VIII.
## FIFTH CAUSE OF ACTION
## REQUEST FOR DECLARATORY JUDGMENT

42. Pursuant to 28 U.S.C. §2201, Plaintiff hereby sues for declaratory relief to determine the rights and other legal relations between Plaintiff and Defendant Texas Medical Board. Plaintiff, as a licensed physician in the State of Texas, has substantial

doubts and uncertainties as to his rights and legal relations with the Texas Medical Board under the Texas Administrative Code, the Texas Medical Practices Act, and the Texas Medical Board Rules.

43. Pursuant to 28 U.S.C. §2201, Plaintiff seeks a declaration from this Court, declaring the rules and regulations of the Texas Medical Board, which do not allow for a reasonable opportunity to be heard, prior to a drastic action being taken against a physician which would deprive the physician of his/her property or liberty interests; and which allow for the Texas Medical Board to influence the neutrality of any Texas Medical Board panel by having a Texas Medial Board staff attorney in the room during executive sessions, which are not recorded, and which wrongfully influence the board members; as unconstitutional as written or as applied.

44. Plaintiff also seeks a declaratory judgment that Chapters 151-165 of the Texas Occupations Code are overly broad and unconstitutionally vague, as written or as applied, thereby failing to provide Plaintiff with knowledge of what conduct is or is not acceptable. Additionally, Plaintiff seeks a declaratory judgment that the disciplinary process utilized by the Texas Medical Board is constitutionally defective in that it does not provide physicians with clearly established due process, when the range of sanctions includes the revocation or restriction of a physician's license to practice medicine.

## IX.
## ATTORNEYS' FEES, COSTS & INTEREST

45. As a result of Defendants' conduct and actions, the undersigned attorneys have been retained by Plaintiff to prosecute this civil action and protect his constitutional rights. Accordingly, Plaintiff hereby sues for the recovery of his reasonable attorneys' fees, costs

of court and prejudgment and post-judgment interest at the highest rates to which he is entitled.

# X.
# PRAYER

46. WHEREFORE PREMISES CONSIDERED, Plaintiff hereby prays that after a telephonic hearing, a temporary restraining order be issued as requested above; that after an evidentiary hearing is conducted, a temporary injunction be issued as requested above; that Defendants be served with summons; that Defendants be cited to appear and answer herein; and that after a trial of this matter that Plaintiff obtain an order enjoining Defendants (in their official capacities) from violating his Constitutional rights; and/or declaring that the disciplinary procedures utilized by Defendant Texas Medical Board are unconstitutional; and order that Defendants (in their individual capacities) pay to Plaintiff his compensatory damages, attorneys' fees, costs of court and pre-judgment and post-judgment interest at the highest rates to which he is entitled to receive; and for such other proper relief to which Plaintiff is entitled.

        Respectfully submitted,

        s/ Ronald G. Hole
        Ronald G. Hole
        ATTORNEY IN CHARGE FOR PLAINTIFF
        State Bar I.D. 09834200
        S.D. I.D. No. 1199
        P. O. Box 720547
        McAllen, Texas 78504
        Telephone No.:  (956) 631-2891
        Telecopier No.:  (956) 631-2415
        E-Mail:   Mail@holealvarez.com

OF COUNSEL:

HOLE & ALVAREZ, L.L.P.
Water Tower Centre
612 W. Nolana, Suite 370
P. O. Box 720547
McAllen, Texas 78504
Telephone No.: (956) 631-2891
Telecopier No.: (956) 631-2415

## CERTIFICATE OF SERVICE

I, Ronald G. Hole, hereby certify that on this the **28th** day of **March 2019,** a true and correct copy of the above and foregoing document was served upon the following counsel by Notice of Electronic Filing ("NEF") generated by the court's electronic filing system:

Mr. Scott M. Freshour
General Counsel
333 Guadalupe Tower 3, Suite 610
Austin, Texas, 78701
E-MAIL: Scott.Freshour@tmb.state.tx.us
Telephone No.: (512) 305-7010

         s/ Ronald G. Hole
         Ronald G. Hole